**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **METCALF CONSTRUCTION CO., INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-777 C** |
| | ) | **(Judge Braden)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1; denies the allegations contained in the second sentence of paragraph 1 for lack of sufficient knowledge or information to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied except to the extent supported by the referenced document, which is the best evidence of its contents.

6. The allegations contained in paragraph 6 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied except the extent supported by the referenced document, which is the best evidence of its contents.

7. The allegations contained in paragraph 7 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the May 29, 2007 letter referenced in paragraph 8, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 except to the extent supported by the October 4, 2007 letter referenced in paragraph 9, which is the best evidence of its contents.

10. Denies the allegations contained in paragraph 10 except to the extent supported by the October 4, 2007 letter referenced in paragraph 10, which is the best evidence of its contents. To the extent that the quoted portion of the October 4, 2007 letter may be deemed to contain allegations of fact, they are denied.

11. Denies the allegations contained in paragraph 11 except to the extent supported by the October 17, 2007 letter referenced in paragraph 11, which is the best evidence of its contents.

12. Denies.

13. The allegations contained in paragraph 13 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits that plaintiff was awarded contract N62742-02-C-1313 to design and construct 212 new housing units on the Marine Corps Base Hawaii in Kaneohe Bay; otherwise, denies the allegations contained in paragraph 14. Avers that contract N62742-02-C-1313 was awarded on October 22, 2002 in the amount of $42,971,000.

15. Admits the allegations contained in paragraph 15 to the extent supported by Metcalf Construction Co. v. United States, 53 Fed. Cl. 617 (Fed. Cl. 2002), which is the best evidence of its contents; otherwise denies the allegations.

16. Admits.

17. Denies.

18. Denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the specifications referenced in paragraph 19, which are they best evidence of their contents; otherwise denies the allegations.

20. The allegations contained in paragraph 20 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second sentence of paragraph 21.

22. The allegations contained in paragraph 22 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Denies.

24. Denies.

25. Denies.

26. Admits the allegations contained in the first sentence of paragraph 26. Admits the allegations contained in the second and third sentences of paragraph 26 to the extent supported by the December 18, 2000 Hirata Report referenced in paragraph 26, which is the best evidence of its contents; otherwise, denies the allegations.

27. Denies the allegations contained in paragraph 27 except to the extent supported by the Navy response referenced in paragraph 27, which is the best evidence of its contents.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in the first sentence of paragraph 32. Denies the allegations contained in the remainder of paragraph 32 except to the extent supported by the referenced documents, which are the best evidence of their contents.

33. Admits that plaintiff forwarded Request for Information #0008 to the Navy on or about September 19, 2003. The remainder of the allegations contained in paragraph 33 constitute characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. Admits.

35. Admits the allegations contained in the first sentence of paragraph 35. The remainder of the allegations contained in paragraph 35 constitute characterizations of plaintiff's case and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. Denies the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations

contained in the second sentence of paragraph 36. Admits the allegations contained in the third, fourth, fifth, and sixth sentences of paragraph 36 except to the extent supported by the referenced Geolabs Report, which is the best evidence of its contents.

37. The allegations contained in paragraph 37 constitute plaintiff’s characterization if its case, to which no response is required; to the extent the allegations may be deemed allegations of fact they are denied except to the extent supported by the referenced reports, which are the best evidence of their contents.

38. Denies the allegations contained in paragraph 38 except to the extent supported by the referenced drawing and documents, which are the best evidence of their contents.

39. Denies the allegations contained in the first and second sentences of paragraph 39 except to the extent supported by the referenced drawing and documents, which are the best evidence of their contents. The allegations contained in the third sentence of paragraph 39 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in the first three sentences of paragraph 40. Admits the allegations contained in the fourth sentence of paragraph 40 to the extent supported by the Hirata report referenced in the paragraph, which is the best evidence of its contents; otherwise, denies the allegations.

41. The allegations contained in the first sentence of paragraph 41 constitute plaintiff’s characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in second sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 41 except to the extent

supported by the referenced report, which is the best evidence of its contents. Admits the allegation contained in the fourth sentence of paragraph 41.

42. Denies.

43. Admits that Metcalf made the allegations set forth in paragraph 43, but denies that the facts alleged are true.

44. Denies the allegations contained in the first and second sentences of paragraph 44. Admits the allegations contained in the third sentence of paragraph 44.

45. Admits that the Navy received an e-mail on or about February 12, 2004 from Metcalf which contained a letter from an architect; denies the remaining allegations contained in paragraph 45 except to the extent supported by the referenced letter, which is the best evidence of its contents.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent support by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 46. Admits the allegations contained in the second sentence of paragraph 46that the Navy directed plaintiff to proceed in accordance with the specifications of the contract; otherwise, denies the remainder of the allegations contained in the second sentence of paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47. The remaining allegations contained in paragraph 47 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Denies.

49. Admits that the Navy scheduled a meeting for April 26, 2004 with plaintiff; otherwise, denies the allegations contained in paragraph 49.

50. Admits.

51. Admits that the Navy met with plaintiff on April 26, 2004; otherwise, denies the allegations contained in paragraph 51 of the complaint.

52. Denies.

53. Admits.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

55. Admits that Metcalf sent a letter dated July 1, 2004 to the Navy, which is the best evidence of its contents; the remaining allegations contained in paragraph 55 constitute plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in the first sentence of paragraph 56 constitute plaintiff's characterizations of its case, to which no response is required; to the extent the allegations contained in the first sentence of paragraph 56 may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 56 except to the extent supported by the letter and report referenced, which are the best evidence of their contents.

57. Admits that plaintiff hired Stewart Engineering; otherwise, denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

58. Admits the allegations contained in paragraph 58 to the extent support by referenced letter, which is the best evidence of its contents; otherwise, denies the allegations.

59. Admits that on or about August 17, 2004, the Navy issued contract modification no. A00007, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 59.

60. Denies.

61. Admits the allegation contained in the first sentence of paragraph 61. Admits that the Environmental Protection Agency banned Chlordane in 1988; otherwise, denies the allegations contained in the second sentence of paragraph 61 for lack of sufficient knowledge or information to form a belief as to their truth.

62. Denies the allegations contained in the first sentence of paragraph 62. Admits the allegations contained in the remainder of paragraph 62 to the extent supported by the referenced Request for Proposal, which is the best evidence of its contents; otherwise, denies the allegations.

63. Admits the allegations contained in paragraph 63 to the extent supported by the document referenced in paragraph 63, which is the best evidence of its contents; otherwise, denies the allegations.

64. Admits the allegations contained in the first sentence of paragraph 64 to the extent supported by the referenced report, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 64. Denies the remaining allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

65. Admits the allegations contained in the first sentence of paragraph 65. Denies the remaining allegations contained in paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the referenced modification and samples results, which are the best evidence of their contents; otherwise, denies the allegations.

67. The allegations contained in paragraph 67 constitute plaintiff's characterization if its case, to which no response is required; to the extent the allegations may be deemed allegations of fact they are denied.

68. Denies.

69. Admits that plaintiff is required to follow the requirements specified under Section 02095, Paragraph 1.20.1 of the contract specifications. The remaining allegations contained in paragraph 69 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. Denies.

71. Denies.

72. Admits the allegations contained in the first sentence of paragraph 72 to the extent supported by the referenced August 22, 2005 letter, which letter is the best evidence of its contents; otherwise, denies the allegations. The remainder of the allegations contained in paragraph 72 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

73. Admits that in September 2005 Metcalf submitted for review a chlordane management plan; the allegation that the plan was "consistent with DOH guidelines" constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required;

to the extent that this allegation may be deemed an allegation of fact it is denied; denies the remaining allegations contained in paragraph 73 except to the extent they are supported by the referenced plan, which is the best evidence of its contents.

74. Admits the allegations contained in the first sentence of paragraph 74. Denies the allegations contained in the second sentence of paragraph 74. The allegations contained in the third sentence of paragraph 74 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that the allegations contained in the third sentence of paragraph 74 may be deemed allegations of fact, they are denied.

75. Denies.

76. Denies.

77. Denies.

78. Denies the allegations contained in the first sentence of paragraph 78. Admits that on or about May 1, 2007, a suspension and debarment action was initiated against plaintiff and Terry Metcalf, by Mark O. Wilkoff on behalf of the Navy. The remainder of the allegations contained in paragraph 78 constitute conclusions of law to which a response is not required; to the extent that they may be deemed allegations of fact, they are denied.

79. Admits that Metcalf responded to the proposed debarment. The remainder of the allegations contained in paragraph 79 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

80. Denies the allegations contained in paragraph 80 except to the extent supported by the letter referenced in paragraph 80, which is the best evidence of its contents.

81. Admits.

82. Admits the allegations contained in paragraph 82 to the extent supported by the transcript of the referenced proceeding, which is the best evidence of its contents; otherwise denies.

83. Admits.

84. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 83 of plaintiff's complaint.

85. Admits that plaintiff was awarded contract N62742-02-C-1313 to design and construct 212 new housing units on the Marine Corps Base Hawaii in Kaneohe Bay; otherwise, denies the allegations contained in paragraph 85. Avers that contract N62742-02-C-1313 was awarded on October 22, 2002.

86. The allegations contained in paragraph 86 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. Denies

92. Denies.

93. Denies the allegations contained in paragraph 93 except to the extent supported by the documents referenced in paragraph 93, which are the best evidence of their contents.

94. Denies.

95. Denies

96. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 83 of plaintiff's complaint.

97. Admits that plaintiff was awarded contract N62742-02-C-1313 to design and construct 212 new housing units on the Marine Corps Base Hawaii in Kaneohe Bay; otherwise, denies the allegations contained in paragraph 97. Avers that contract N62742-02-C-1313 was awarded on October 22, 2002.

98. Admits the allegations contained in paragraph 98 to the extent supported by the contract and the Federal Acquisition Regulation referenced in paragraph 98, which are the best evidence of their contents; otherwise, denies the allegations.

99. Admits the allegations contained in paragraph 99 to the extent supported by the contract and the Federal Acquisition Regulation referenced in paragraph 99, which are the best evidence of their contents; otherwise, denies the allegations.

100. Admits the allegations contained in paragraph 100 to the extent supported by the contract and the Federal Acquisition Regulation referenced in paragraph 100, which are the best evidence of their contents; otherwise, denies the allegations.

101. The allegations contained in paragraph 101 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

105. Denies.

106. The allegations contained in paragraph 106 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

107. Admits the allegations contained in paragraph 107 to the extent supported by the referenced change orders, which are the best evidence of their contents; otherwise denies.

108. Admits that the contract was not substantially completed until on or about March 1, 2007. The remainder of the allegations contained in paragraph 108 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

109. The allegations contained in paragraph 109 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

110. The allegations contained in paragraph 110 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

111. The allegations contained in paragraph 111 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

112. Denies the allegations contained in paragraph 112 except to the extent supported by the referenced document, which is the best evidence of its contents.

113. The allegations contained in paragraph 113 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

114. The allegations contained in paragraph 114 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

115. Denies that plaintiff is entitled to the relief requested or any relief whatsoever.

116. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

117. Plaintiff materially and substantially breached its contract with defendant to construct 212 units of military family housing at Marine Corps Base Hawaii, in that plaintiff's performance was untimely and in violation of the provisions and specifications of the contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

MONIQUE MYATT GALLOWAY
Trial Attorney
Navy Litigation Office
Office of The General Counsel
Department of The Navy

RONALD G. RESS
Navy Facilities Engineering Command

Dated: January 28, 2008

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 28, 2008, a copy of the foregoing **"DEFENDANT'S ANSWER"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David Silverbrand